**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

BOSTON, MA                                                              CIVIL ACTION NO.

| | |
|---|---|
| Veronica Dyer, in her capacity as Administrator for the Trustees of the Iron Workers District Council of New England Pension, Health & Welfare, Annuity, Vacation, Education, and other Funds, ("Ms. Dyer" and/or "Trustees"), Plaintiff, <br><br>v. <br><br> Claionara A. Zago ("Ms. Zago"), And Strong Arm Iron Workers, Inc. ("Strong Iron"), Defendants. | COMPLAINT |

### INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 USC §1132(a), (d), (f), and (g), other sections and other counts, to recover delinquent contributions of about $99,143.37 owed by Defendants to various trust funds (collectively "Benefit Funds") administered by the Plaintiff, Ms. Dyer, and referenced in the collective bargaining agreement ("CBA") attached at Exhibit A ("CBA") among other labor contract and labor law theories and an action to enforce a settlement agreement that Defendants have breached copied at Exhibit B ("Settlement Agreement").

### JURISDICTION & VENUE

2. Subject matter jurisdiction is provided by the Labor Management Relations Act ("LMRA"), 29 USC §185 *et seq*; the Employee Retirement Income Security Act ("ERISA"), 29 USC §§502 (1132), 515 (1145), and 28 USC §1331.

3. Venue lies as:

   a. Ms. Dyer administers the Benefit Funds from the Funds' offices in Boston, MA;

   b. Ms. Zago regularly operates Strong Arm on construction sites located within the same geographical venue covered by this District Court and with a principal place of business in Woburn, MA; and

   c. The CBA at ¶11, a forum selection clause, recites this Court as the appropriate venue.

### PARTIES

4. Ms. Dyer administers the Benefits Funds, which were formed in accord with 29 USC §§185, 1002 (1), (2), and (3), from their business office located at 161 Granite Avenue in Dorchester, MA 02124, County of Suffolk.

5. Defendant Ms. Zago resides, upon information and belief, at 12208 Inwood Drive, Woburn, MA 01801.

6. Defendant Strong Arm Iron Workers, Inc. ("Strong Arm") is, upon information and belief, a corporation duly formed in the Commonwealth of Massachusetts and operates from its principal place of business located at 12208 Inwood Drive, Woburn, MA 01801.

### FACTS

7. Ms. Zago is, upon information and belief, an employer engaged in commerce within the meaning of §§3(5) and (12) of ERISA, 29 USC §§1002(5) and (12) and within the meaning of §301 of the LMRA, 29 USC §185.

8. Strong Arm is, upon information and belief, an employer engaged in commerce within the meaning of §§3(5) and (12) of ERISA, 29 USC §§1002(5) and (12) and within the meaning of §301 of the LMRA, 29 USC §185.

9. Attached as <u>Exhibit A</u> is a true and genuine copy of the CBA signed by Ms. Zago.

10. Attached as <u>Exhibit B</u> is a true and genuine copy of the Settlement Agreement, signed by Ms. Zago.

11. The Settlement Agreement is a labor contract governed by 29 USC, §185 and ERISA.

12. The CBA incorporates and includes other labor agreements, trust fund documents, and successor agreements which continuously existed from date recited on the CBA to the present.

13. The CBA includes obligations to make contributions into the Benefit Funds for each hour worked by any employee employed by Strong Arm where that labor is articulated in and covered by the CBA ("Covered Work").

14. The CBA and documents incorporated therein require, among other things, that Defendants report to Ms. Dyer where and when any Covered Work is being performed.

15. Plaintiff conducted an Audit of Strong Arm to ensure compliance with ERISA and the CBA as to payments due the Benefits Funds. The audit revealed large discrepancies in hours reported and contributions made by Strong Arm for Covered Work, which was disputed.

16. Eventually Plaintiff and Defendants agreed, on or about September 10, 2015, to terms that culminated into the Settlement Agreement.

17. As of October 1, 2015, Ms. Zago defaulted on the payment terms of the Settlement Agreement.

18. Defendant only paid $35,000.00 under the terms of the Settlement Agreement and amounts remain due.

19. The total principal amount remain due under the Settlement Agreement is $35,000.

20. ERISA interest of $49,763.19 has accrued as a result of Defendants' default of the Settlement Agreement and interest continues to accrue.

21. Defendants continued to work on other projects after the dates included in the Settlement Agreement, accruing an additional $14,380.18 in contributions/interest.

22. The total remaining past due under the Settlement Agreement, therefore, is $99,143.37

23. Each Defendant owes such contributions claimed as due and stated herein, plus interest, liquidated damages, attorney's fees, and costs of collection in accord with the CBA, trust documents, the ERISA, and the Settlement Agreement.

## COUNT I
(Violation of CBA, 3rd-Party Beneficiary, Contributions and Interest)

24. Ms. Dyer restates each of the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

25. Ms. Dyer, the Benefit Funds, and their Trustees are third-party beneficiaries of the CBA.

26. Defendants, by failing to pay the contributions as stated herein and otherwise breaching the terms of the CBA, pursuant to 29 USC, §185 and the Settlement Agreement, have caused grave damage and loss to the Benefit Funds, and this is an action for such breaches,

including under a third-party beneficiary theory.

### COUNT II
(ERISA)

27. Ms. Dyer restates each of the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

28. The failure of Ms. Zago to make payment of all contributions owed under the CBA and the Settlement Agreement along with interest and/or penalties owed violates §515 of ERISA, 29 USC §1145.

29. The failure of Strong Arm to make payment of all contributions owed under the CBA and the Settlement Agreement along with interest and/or penalties owed violates §515 of ERISA, 29 USC §1145.

30. This is an action under ERISA against Defendants for failure to contribute to the applicable funds are required by the CBA, Local Agreements, the Settlement Agreement and ERISA which breaches caused grave harm and loss to the trust funds and Trustees.

### COUNT III
(Breach of the Settlement Agreement)

31. Ms. Dyer restates each of the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

32. This is an action to recover damages caused by Defendants' breach of the Settlement Agreement.

### DEMAND FOR JUDGMENT

**WHEREFORE,** Ms. Dyer, Plaintiff, respectfully demands that this Court:

1. Enter judgment in favor of Ms. Dyer for the Trustees and Benefits Funds together with an award of delinquent contributions, additionally accrued 18% interest on the unpaid contributions, continuing ERISA interest, liquidated damages, attorney fees, and costs, as provided for in the CBA, the Settlement Agreement, and ERISA; and
2. Provide such other and further relief as the Court may deem proper and just.

> Plaintiff, Ms. Dyer, in her capacity as
> Administrator for the Trustees of the
> Benefits Funds
> By her and their attorney,
>
> /s/ Mickey Long

                                                                        Mickey Long BBO# 634388  
                                                                         P.O. Box E-1  
                                                                         193 Old Colony Avenue  
                                                                         Boston, MA 02127  
                                                                         TEL: (617) 269-0229  
                                                                         FAX: 617.765.4300  
January 24, 2020                                          [mickeylong@outlook.com](mailto:mickeylong@outlook.com)