# EXHIBIT B

**Local Union[1] Fringe Benefit Fund Office Trustees, Iron Workers Local 7, and Strong Arm Iron Workers, Inc.**
**Settlement Agreement ("Agreement")**

1. This Agreement is made and entered into this ____11____ day of September by and between and among:
    a. <u>Local Union Fringe Benefit Fund Office Trustees</u> (hereinafter "Trustees"); and
    b. The International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers, Local 7, AFL-CIO, ("Local 7 "); and
    c. <u>Strong Arm Iron Workers, Inc., and Giovani A. Zago and Claionara A. Zago</u> each of 12208 Inwood Drive, Woburn, MA (hereinafter "Employer")
   (collectively, "the Parties").

2. The Parties wish to resolve fully and finally all disputes between them and to provide a means for the payment of disputed fund contributions to the Trustees. The Parties agree, in consideration of and in exchange for the Parties forestalling other available avenues of resolving the disputes stated below and for other consideration, the receipt and sufficiency hereof the Parties acknowledge, further agree as follows:

3. Employer has employed Iron Workers under a collective bargaining agreement, a true and genuine copy of which is attached as Exhibit A, which is incorporated herein as though set forth fully here ("DC-CBA").

4. The DC-CBA requires, among other things, contributions to the Iron Workers District Council of New England Welfare, Annuity, Pension and other funds administered by the Trustees ("Funds").

5. The Employer agrees to pay the Funds $70,000 (seventy-thousand dollars) in fund contributions for labor disputably covered by the DC-CBA before January 31, 2015. The Trustees agree to receive the $70,000 as final payment of any disputed fund contributions due before January 31, 2015. Although, the Trustees dispute this amount and claim more is owed, and the Employer disputes this amount and claims less is owed, the Parties mutually agree the payment in full of this amount settles the Parties dispute regarding Funds contributions due before January 31, 2015. NONE of the $70,000 shall be used for payments toward employee benefits for Giovanni A. Zago to the extent allowable by law.

6. The Funds' Trustees and Local 7 have demanded payment in full of what each claims is due and current interest but has agreed to receive $70,000 in full satisfaction of their demands;

7. The individuals signing below, i.e., <u>Giovani A. Zago & Claionara A. Zago</u> ("Owners"), execute this Agreement on his and her own behalf personally and on behalf of the Employer. Owners represent and acknowledge that he and she have authority to bind Owners and the Employer to this Agreement, and understand that the Trustees are relying on those representations and acknowledgements to enter this Agreement.

---

The Iron Workers District Council of New England Fund Trustees

1

8. Owners & the Employer further agree that Owners assumes personal liability for all disputed fund contribution or delinquencies owed by the Employer to the Funds as of the date of this Agreement and that any collective bargaining agreement stating or assuming the contrary is hereby amended for the purposes of this Agreement (and the Employer shall cooperate to execute such an amendment) to reflect such personal liability for any and all amounts owed herein. Owners, personally, & the Employer promise to pay the $70,000 settlement amount in full on or before December 31, 2015.

9. Payment Schedule of Settlement:   Owners & the Employer will cause to be delivered in-hand at the Office of the Trustees of the Funds on or before the dates stated below each of the following payments by certified cashier's check, verified electronic transfer, or cash:

   a. $30,000   to be delivered in hand      upon execution       (1st Payment)
   b. $10,000   to be delivered in hand by   September 31, 2015   (2nd Payment)
   c. $10,000   to be delivered in hand by   October 30, 2015     (3rd Payment)
   d. $10,000   to be delivered in hand by   November 30, 2015    (4th Payment)
   e. $10,000   to be delivered in hand by   December 31, 2015    (5th Payment)

10. Failure to Pay Timely, Acceleration & Full Payment: In the event either Owner or Employer is/are unable, or fail for any reason whatsoever, to make any contribution payments timely as described in the above Payment Schedule of Settlement, then the full remaining balance of the settlement amount shall become due and payable immediately. Interest shall accrue as to the remaining amount due and as determined by the Trustees in their normal course for calculating interest on a delinquency. The Trustees shall also have the right to exercise any rights and other remedies in the collection of that remaining amount due that may be available to the Trustees in collection of delinquent payments under the terms of the DC-CBA, its respective fund agreements, and its delinquency collection procedures.

11. Owners & the Employer acknowledge that they have read this entire Agreement, have been given adequate opportunity to seek legal advice as to the contents herein, and acknowledge that their signatures below were each made by their free act and will and that by signing they understand the contents of this Agreement.

12. The Employer shall timely pay, and the Owners shall personally be liable for, all contributions and delinquencies due as of the date this Agreement is executed, which includes the $70,000 disputed amount for pre-January 31, 2015 labor and other amounts recited below.

13. The attached Exhibit B affidavit of Giovani A. Zago is incorporated herein as though set forth fully here.

14. Mutual Releases for Any & All Claims Against Each Other:

   a. Except as to the Exception language below in this subparagraph, the Trustees and Local 7 on behalf of each of their officers, agents, employees, trustees, funds, successors and assigns

(collectively "Releasors"), in exchange for Strong Arm's execution of this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby forever waive, generally release, and discharge the Owners and the Employer, and all of their current and/or former officers, directors, members, administrators, shareholders, managers, employees, agents, insurers, fiduciaries, successors, assigns, parent companies, subsidiaries, and all other entities affiliated with or related to the Owners and/or the Employer (the "Releasees"), without limitation, exception, or reservation, from any and all liability, actions, claims, demands, or lawsuits, in law or in equity, which they may have had, or currently have, individually or together, including but not limited to any and all claims in connection with DC-CBA and the Owners and the Employer. This general release applies to any and all claims by the Trustees and/or Local 7 against the Releasees, whether known or unknown, arising under the DC-CBA where the claim regards Releasees' activity prior to January 31, 2015. *Exception: Nothing contained above or in this Agreement is intended to, nor shall any language be construed as, to release Strong Arm from other amounts or debts that remain due the Trustees as contributions or amounts due Local 7 where said amounts or debts accrued for labor performed by Strong Arm employees after January 31, 2015. Strong Arm admits that it currently owes $\_\_\_\_\_22,662.20_____ in other such amounts and debts as current delinquent contributions, which it promises to pay within 30 days in addition to the amounts due as recited above in the Payment Schedule of Settlement, i.e., the $70,000.*

b. Owners and Employer on behalf of themselves and on behalf of each of their owners, operators, officers, agents, members, employees, trustees, funds, successors and assigns (collectively "Releasors"), in exchange for the Trustees' and Local 7's execution of this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby forever waive, generally release, and discharge the Trustees and Local 7, and all of their current and/or former officers, directors, members, administrators, shareholders, managers, employees, agents, insurers, fiduciaries, successors, assigns, parent companies, subsidiaries, and all other entities affiliated with or related to the Trustees and/or Local 7 (the "Releasees"), without limitation, exception, or reservation, from any and all liability, actions, claims, demands, or lawsuits, in law or in equity, which they may have had, or currently have, individually or together, including but not limited to any and all claims in connection with DC-CBA and the Trustee and Local 7.  This general release applies to any and all claims by Owners and/or Employer against the Releasees, whether known or unknown, arising under contract, under any Constitutional provision, or under federal, state, or local statutory or common law, including civil tort law, any civil rights law, which may have been asserted or which could have been asserted in any lawsuit, including, but not limited to, any and all claims of race discrimination, national origin discrimination, or retaliation under Title VII of the Civil Rights Act of 1964, the Massachusetts Fair Employment Practices Law (G.L. c. 151B), and/or Section 1981 of the Civil Rights Act of 1866, as well as any claims under the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, the wage and hour statutes of the

3

Commonwealth of Massachusetts, and/or the Fair Credit Reporting Act where any such claim arose before the date of this Agreement.

Agreed to, and signed as a sealed instrument:

**For the Owners & Employer:**

_____     Date: 09/10/15
Claonara A. Zago, personally and as Owner

_____     Date: 09/11/15
Giovani A. Zago, personally and as Owner

**For the Trustees:**

_____     Date: 9/15/15
Veronica Dyer, Fund Administrator

**For Local 7:**

_____     Date: 9/15/15
Paul F. Lynch, Business Manager

4

## Affidavit

1. I, Giovanni A. Zago, being duly sworn hereby swear as follows

2. I am over the age of 21.

3. I reside at 12208 Inwood DR WOBURN MA 01801

4. I am the husband of Claionara A. Zago.

5. I am employed as a non-manual labor superintendent with Strong Arm Iron Workers Inc. ("Strong Arm") and was so employed before January 31, 2015.

6. During my employment with Strong Arm before January 31, 2015, I did not engage in any physical or manual labor performing any ironwork as covered by the DC-CBA recited above, though I did oversee foremen, as Strong Arm's superintendent, who directed employees who did perform such labor.

7. I hereby waive any and all claims, and I promise not to bring any such claim, seeking any pension credits, health insurance, annuity or other employee benefit for any activity that I performed as a Strong Arm employee on or before January 31, 2015, as I did not engage in work covered by the DC-CBA requiring the payment of contributions for such employee benefits.

8. During that period before January 31, 2015, as an employee of Strong Arm, I did not e.g.,:

    a. Handle rebar;
    b. Direct, as a foreman, Iron Workers;
    c. Unload trucks of steel;
    d. Sort or place rebar; or
    e. Cut or otherwise fabricate or tie rebar; or
    f. Otherwise perform ironwork, as that term is interpreted or understood in the union Iron Worker industry and is used in the DC-CBA.

5

9. I understand that the Trustees and Local 7 are relying on this Affidavit to execute the attached settlement Agreement and that the representations made herein are material to that Agreement.

SIGNED THIS ___ DAY OF ~~JULY 2015~~ September 2015 UNDER THE PAINS AND PENALTIES OF PERJURY.

_____
Giovanni A. Zago

STRONGARM7@HOTMAIL.COM